# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* O. SUEL, Minor.

UNPUBLISHED
August 16, 2018

No. 341931
Berrien Circuit Court
Family Division
LC No. 2017-000021-NA

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order terminating his parental rights to his minor son, OS, under MCL 712A.19b(3)(b)(*i*) (parent's act caused injury or abuse to child or sibling), (g) (failure to provide proper care and custody), (j) (reasonable likelihood of harm), and (k)(*ii*) (parent abused child or sibling involving criminal sexual conduct).[1] On appeal, respondent argues that his trial counsel rendered ineffective assistance of counsel and that the trial court clearly erred in finding that termination of his parental rights was in OS's best interests. We affirm.

## I. BACKGROUND

On March 10, 2017, the Department of Health and Human Services (DHHS) filed two separate petitions regarding respondent's parental rights. One petition sought termination of respondent's parental rights to his teenage daughter,[2] CS, while the petition in this case sought termination of respondent's parental rights to OS. The petition concerning OS alleged that respondent sexually abused CS in the family home and that OS walked into the room when one of the instances of sexual abuse was occurring. During the pendency of the child protective

---

[1] The statutory grounds for termination set forth in MCL 712A.19b(3)(g) and (k) were substantively amended by 2018 PA 58, effective June 12, 2018. The order terminating respondent's parental rights was entered pursuant to the former version of MCL 712A.19b, as amended by 2012 PA 386.

[2] Respondent's parental rights to CS are not at issue in this appeal.

proceeding, respondent was the subject of a criminal prosecution for several counts of criminal sexual conduct arising from CS's allegations.[3]

The trial court began the bench trial on the petition to terminate respondent's parental rights to OS on June 15, 2017. After two continuances and a stipulated adjournment, the trial resumed on November 30, 2017. CS testified that respondent sexually abused her on several occasions and that his acts included penile-vaginal penetration. In addition, Michigan State Police Trooper Jason Bailey testified that respondent confessed to one act of attempted penile-vaginal penetration. The trial court terminated respondent's parental rights to OS pursuant to the above statutory grounds, and respondent now appeals.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent argues that his trial counsel rendered ineffective assistance of counsel in four separate ways. Specifically, respondent contends that trial counsel was ineffective because he (1) failed to take action to suppress respondent's confession, (2) failed to request a stay of these proceedings until after the resolution of respondent's criminal trial, (3) failed to object to the admission of a prior criminal conviction, and (4) failed to sufficiently impeach the credibility of CS's testimony in this case. We disagree.

"The principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings; therefore, it must be shown that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). "Effective assistance of counsel is presumed, and [the respondent] bears a heavy burden of proving otherwise." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (quotation marks and citation omitted). In doing so, the respondent must overcome a strong presumption that counsel's decisions were part of a sound trial strategy. *People v Knapp*, 244 Mich App 361, 385-386; 624 NW2d 227 (2001). This Court "neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight." *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). Moreover, because respondent failed to preserve this issue by moving for a new trial or an evidentiary hearing, our review is limited to errors apparent from the record. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). To the extent that the record contains insufficient detail to support a claim of ineffective assistance of counsel, the issue is considered waived. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).

Respondent first argues that trial counsel rendered ineffective assistance of counsel when he failed to take action to suppress respondent's alleged confession. Respondent argues that trial

---

[3] Respondent pleaded guilty to an amended charge a week before his July 24, 2018 trial date.

counsel should have either sought a *Walker*[4] hearing or moved to suppress the confession because it was involuntary. We conclude that respondent's argument is without merit.

Respondent admits that the record in this case provides limited insight into the circumstances of the police officers' interrogation or respondent's confession. However, respondent asks this Court to consider the record in his criminal case to determine that respondent's statement to the police was involuntary because his will was overborne by the officers' tactics. Specifically, respondent asks this Court to consider the pleadings filed in Docket No. 340212—an interlocutory appeal arising from his criminal prosecution.[5] However, in light of respondent's failure to properly preserve this issue, our review does not extend to matters outside the existing record in this case. See *Heft*, 299 Mich App at 80. Moreover, even if we were inclined to expand the record in the manner requested, the application for leave to appeal cited by respondent and attached to his appellate brief challenges the trial court's denial of his motion for supplemental discovery in the criminal proceeding. It makes no reference to his confession to the police, nor does it shed any light on whether that confession was voluntarily provided.[6]

The only record evidence before this Court touching upon the voluntariness of respondent's confession is testimony from Bailey concerning the custodial interrogation that resulted in the challenged confession. According to Bailey, respondent was questioned three times over a three-hour period. At one point, respondent was given a candy bar because he indicated that he was diabetic. Bailey explained that respondent initially denied CS's allegations, but eventually admitted that he attempted to have intercourse with CS. Respondent also told Bailey that the encounter ended when OS entered the room. This evidence is insufficient to support a conclusion that trial counsel was ineffective for failing to move to suppress the confession for lack of voluntariness. "If the record does not contain sufficient detail to support [a respondent's] ineffective assistance claim, then he has effectively waived the issue." *Lockett*, 295 Mich App at 186 (quotation marks and citation omitted). And, even if not waived, respondent has not shown the requisite prejudice given his failure "to direct us to any

---

[4] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

[5] On September 18, 2017, respondent filed an interlocutory application for leave to appeal in his criminal prosecution, contesting the trial court's denial of his motion for supplemental discovery. By order dated November 1, 2017, this Court denied respondent's application for failure to persuade the Court of the need for immediate appellate review. *People v Suel*, unpublished order of the Court of Appeals, entered November 1, 2017 (Docket No. 340212).

[6] We acknowledge that after filing his appellate brief in this matter, respondent filed a second interlocutory application for leave to appeal in Docket No. 343876 concerning the admissibility of proposed expert testimony regarding the reliability of respondent's custodial statement. This Court granted respondent's motion to withdraw this application after he pleaded guilty to an amended charge in his criminal case. *People v Suel,* unpublished order of the Court of Appeals, entered July 26, 2018 (Docket No. 343876).

authority providing that the exclusionary rule is applicable in the context of abuse and neglect proceedings[.]" *In re Martin,* 316 Mich App at 85.

Respondent next argues that trial counsel rendered ineffective assistance of counsel because he failed to request a stay of the child protective proceedings, pending the outcome of respondent's criminal trial. Respondent argues that if the trial court had granted a stay of these proceedings until after the resolution of his criminal trial, he would have been able to testify in this case without fear that his testimony would have penal consequences. Respondent posits that the trial court would have granted a request to stay the proceedings, as a stay would not present a likelihood of harm to OS. Respondent contends that trial counsel's closing argument, in which counsel acknowledged the importance of resolving the criminal trial first, demonstrates that the failure to request a stay was unreasonable. We conclude that respondent's argument is without merit.

First, we note that trial counsel successfully obtained several adjournments on the very grounds now articulated by respondent. The DHHS filed the petition seeking termination of respondent's parental rights on March 10, 2017, trial began on June 15, 2017, and trial concluded on November 30, 2017. Thus, respondent's argument fails to account for the fact that counsel successfully delayed trial in this matter with a number of stipulated adjournments and continuances for a period of several months. Second, as counsel for the DHHS pointed out during the November 30, 2017 trial, the Michigan Court Rules provide some time limits with regard to how long a trial court may delay a trial in a child protective proceeding. See MCR 3.972(A) (providing that if a child is not placed outside the home, [7] "the trial must be held within 6 months after the filing of the petition unless adjourned for good cause under MCR 3.923(G)"). The decision to grant or deny a motion for adjournment in a child protective proceeding is governed by MCR 3.923(G), which provides:

> **(G) Adjournments.** Adjournments of trials or hearings in child protective proceedings should be granted only
>
> (1) for good cause,
>
> (2) after taking into consideration the best interests of the child, and
>
> (3) for as short a period of time as necessary.

In light of the previous adjournments and continuances already granted by the trial court, and the continued uncertainty regarding the timing of respondent's criminal trial,[8] we disagree with respondent's suggestion that the trial court would likely have sanctioned an additional delay.

---

[7] OS remained in the care of his mother, whose parental rights were not at issue in this case.

[8] As noted earlier, it appears that respondent pleaded guilty in the criminal case in July 2018, sixteen months after DHHS filed the petition to terminate respondent's parental rights.

Furthermore, this Court has previously held that when a respondent's actions result in both criminal prosecution and child protective proceedings, the respondent's right to due process in the latter does not require a finding of guilt in the criminal prosecution before an adjudication in the child protective proceedings may occur. *In re MU*, 264 Mich App 270, 281-284; 690 NW2d 495 (2004). As this Court explained in *In re MU*,

> [T]he respondent's liberty interest in these proceedings is the care and maintenance of his children. His right to due process in this case is not offended by determining, even in the absence of a criminal conviction, whether a preponderance of the evidence shows that he engaged in criminal behavior. In this regard, a finding that jurisdiction rests with the trial court in this case does not amount to a criminal conviction, and the respondent cannot be punished as a result of the adjudicative proceeding. Moreover, in light of the lower burden of proof in this case, a finding of criminality is insufficient to establish the respondent's guilt in the criminal proceeding. In any subsequent criminal proceeding, the respondent will have all the constitutional rights afforded to criminal defendants, including the rights to a fair trial and to be presumed innocent and the right to require the prosecution to prove his guilt beyond a reasonable doubt. [*Id*. at 282-283 (citations omitted).]

Given the state of the law on this issue, we will not construe counsel's failure to request a stay pending the outcome of the criminal proceedings objectively unreasonable. In fact, that decision can be construed as a strategic one, as it is reasonably likely that a finding of guilt under the higher burden of proof required in criminal proceedings would have an adverse impact on the proceedings in this case.

Respondent next argues that trial counsel rendered ineffective assistance of counsel when he failed to object to the admission of respondent's prior criminal conviction into evidence. However, the lower court record shows that respondent's trial counsel *did* object to the admission of respondent's previous conviction for criminal sexual conduct involving a victim between the ages of 13 and 16. Therefore, respondent's argument is unsupported by the record.

Finally, respondent argues that trial counsel failed to take sufficient steps to impeach CS's testimony. Because there were no other eyewitnesses to the alleged instances of sexual abuse, respondent contends that this case hinged on the reliability of CS's statements. Respondent argues that trial counsel should have pointed out that CS's trial testimony differed from her testimony at the preliminary examination in his criminal prosecution. Specifically, CS testified at trial that respondent committed acts of penile-vaginal penetration on two occasions, but indicated at the preliminary examination that respondent assaulted her on four occasions: three instances of penile penetration and one instance of digital penetration. Respondent also argues that CS made statements regarding her allegations to an evaluator at the children's assessment center, yet respondent's trial counsel did not call the evaluator as a witness and did not question CS about the statements she made to the evaluator. Respondent argues that trial counsel's failure to show that CS made inconsistent statements under oath, as well as his failure to question CS about her statements to the evaluator, constituted ineffective assistance of counsel. However, the allegedly inconsistent statements are not part of the record in this case.

As such, we find no error apparent from the record. See *Lockett*, 295 Mich App at 186. We therefore conclude that respondent's ineffective assistance of counsel claims are without merit.

## III. BEST INTERESTS OF THE MINOR CHILD

Respondent does not challenge the trial court's findings regarding the existence of statutory grounds for termination, but argues that the trial court erred with respect to its best interest determination. More specifically, respondent argues that the trial court failed to articulate findings specific to OS's best interests. Respondent argues that the trial court simply concluded that respondent committed the alleged acts against CS and therefore concluded that OS was in danger of being victimized in the future. Respondent also contends that the trial court erroneously failed to acknowledge that OS was not in any imminent danger because he was in a safe placement and respondent was incarcerated. We disagree.

Once a statutory ground for termination of parental rights is established, the trial court must order termination if it finds by a preponderance of the evidence that termination of parental rights is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). In this context, we note that "the interests of the child and the parent diverge once the petitioner proves parental unfitness." *Id*. at 87. Therefore, the interests of the child, not the parent, are the focus of the best-interest stage of child protective proceedings. *Id*. at 87-88. We review the trial court's determination regarding the child's best interests for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

The trial court's findings regarding OS's best interests were admittedly brief. The court referred to the contents of an exhibit detailing a caseworker's contact with CS's grandmother during a home visit. The caseworker learned that CS had been hospitalized because she wanted to kill herself and that CS's mother did not want anything to do with her after learning about respondent's assault. The court analogized the emotional harm that respondent's sexual assault caused CS to the potential harm that could occur to OS. In addition, the referee found that respondent's willingness to sexually assault CS despite OS's presence in the home demonstrated a disregard for OS's emotional wellbeing. Contrary to respondent's argument, the proper analysis of a child's best interests is not confined to whether the child is in imminent danger or whether the child is safe so long as the respondent remains incarcerated. On the record before us, we are not left with a definite and firm conviction that the trial court was mistaken in finding that termination of respondent's parental rights was in OS's best interests.

Affirmed.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

-6-